IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

BRENDA C. NOE, on behalf of herself
and all others similarly situated,

          Plaintiff,

v.                                                  CIVIL ACTION NO. 3:19-0690

CITY NATIONAL BANK OF
WEST VIRGINIA,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the court on remand from the Court of Appeals for the Fourth Circuit is Defendant City National Bank of West Virginia's motion to dismiss or stay the case pending arbitration (ECF No. 7). For the reasons set forth below, the Court **GRANTS** the motion.

**I. BACKGROUND**

This putative class action arises out of Defendant City National Bank's practice of assessing more than one non-sufficient funds fee ("NSF fee") for a single attempted transaction. According to the Amended Complaint, Plaintiff attempted to purchase $52.10 worth of items at Cashland in July 2018. City National rejected the payment due to insufficient funds and charged Plaintiff a $36.00 NSF fee. Weeks later, Cashland re-submitted the transaction to City National two more times without Plaintiff's knowledge, and City National assessed a $36.00 NSF fee each time. In total, City National charged Plaintiff $108.00 in NSF fees for a single attempted purchase of $52.10. This pattern repeated in May 2019 after Plaintiff attempted a payment to Walmart for $25.13. Pursuant to its NSF fee policy, City National charged Plaintiff a $36.00 fee that same day. Walmart then resubmitted the charge to City National four more times, resulting in a total charge

of $180.00 for an attempted transaction of $25.13.

On September 20, 2019, Plaintiff initiated this action on behalf of herself and all similarly-situated customers, claiming that Defendant's NSF fee practices breach contractual promises or result in unjust enrichment. She also alleges violations of the West Virginia Consumer Credit and Protection Act.

On November 22, 2019, City National filed the pending motion arguing for dismissal, or in the alternative, a stay pending arbitration pursuant to the Parties' 2012 Deposit Account Agreement and Disclosure, which contains the following Arbitration Provision:

> ARBITRATION. IT IS IMPORTANT THAT YOU READ THIS ARBITRATION PROVISION CAREFULLY. IT PROVIDES THAT YOU MAY BE REQUIRED TO SETTLE A CLAIM OR DISPUTE THROUGH ARBITRATION, EVEN IF YOU PREFER TO LITIGATE SUCH CLAIMS IN COURT. YOU ARE WAIVING RIGHTS YOU MAY HAVE TO LITIGATE THE CLAIMS IN A COURT OR BEFORE A JURY. YOU ARE WAIVING YOUR RIGHT TO PARTICIPATE IN A CLASS ACTION LAWSUIT, CLASS ACTION ARBITRATION OR OTHER REPRESENTATIVE ACTION WITH RESPECT TO SUCH CLAIMS. Any claim or dispute ("Claim") by either you or us against the other arising from or relating in any way to your account, this Agreement or any transaction conducted with the Bank or any of its affiliates will, at the election of either you or us, be resolved by binding arbitration. This arbitration provision governs all Claims, whether such claims are based on law, statute, contract, regulation, ordinance, tort, common law, constitutional provision, or any other legal theory . . . . Claims subject to this arbitration provision include claims regarding the applicability of this provision or the validity of this or any prior agreement.

ECF No. 7-2. It is undisputed that Plaintiff agreed to this contract and that it governed Plaintiff's account for the next several years without alteration. It is also undisputed that, assuming its enforceability, the Arbitration Provision applies to Plaintiff's claims.

In response, Plaintiff argues that the 2012 Deposit Agreement, and by extension the Arbitration Provision, were novated by the "Notice of Change" Defendant mailed Plaintiff in December 2017. The terms attached to the 2017 Notice of Change do not include an arbitration clause.

When first presented with this dispute, the Court denied Defendant's motion, holding that Plaintiff plausibly alleged that the Notice of Change supplanted the 2012 Deposit Agreement. In so holding, the Court relied on the rules for a motion to dismiss and disregarded the evidence submitted by Defendant.

Defendant appealed that decision, and the Fourth Circuit held that the Court erred by failing to treat the motion as one to compel arbitration. The Fourth Circuit then remanded the matter for the Court to determine "whether Noe's claims should be referred to arbitration and, if it determines that unresolved questions of material fact prevent it from deciding the issue . . . to hold an expeditious and summary hearing to resolve the issue." *Noe v. City Nat'l Bank*, 828 F. App'x 163, 167 (4th Cir. 2020) (internal quotations omitted). Consistent with the Parties' joint status report, the Court permitted supplemental briefing on this issue. That briefing has concluded, and the dispute is now ripe for review.

## II. STANDARD OF REVIEW

"To further facilitate arbitration, the [Federal Arbitration Act ("FAA")] authorizes a party to an arbitration agreement to demand a stay of proceedings in order to pursue arbitration[.]" *Patten Grading & Paving, Inc. v. Skanska USA Bldg., Inc.*, 380 F.3d 200, 204 (4th Cir. 2004). Under the FAA, a party may compel arbitration if it can demonstrate: "(1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of the [other party] to arbitrate the dispute." *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 500-01 (4th Cir. 2002) (internal quotation marks omitted).

When a party moves to compel arbitration, the district court may consider evidence beyond

the pleadings. *Noe*, 828 F. App'x at 166 (citing *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 229 (2d Cir. 2016); then *Tinder v. Pinkerton Sec.*, 305 F.3d 728, 735 (7th Cir. 2002)). "To decide whether 'sufficient facts' support a party's denial of an agreement to arbitrate, the district court is obliged to employ a standard such as the summary judgment test." *Berkeley Cty. Sch. Dist. v. Hub Int'l Ltd.*, 944 F.3d 225, 234 (4th Cir. 2019) (citing *Chorley Enters., Inc. v. Dickey's Barbecue Rests., Inc.*, 807 F.3d 553, 564 (4th Cir. 2015); then Fed. R. Civ. P. 56(a)). If the court finds a dispute of material fact, it must hold an expeditious trial to resolve the dispute. *See* 9 U.S.C. § 4; *Dillon v. BMO Harris Bank, N.A.*, 787 F.3d 707, 713 (4th Cir. 2015).

### III. ANALYSIS

The Parties' supplemental briefing raises two primary issues: (1) whether the 2012 Deposit Agreement or the 2017 Notice of Change controls; and (2) whether the Arbitration Provision is unconscionable. As explained further below, the Court finds that the 2012 Deposit Agreement controls and that Plaintiff's unconscionability claim must be arbitrated.

**1. Which Contract Controls?**

Plaintiff argues that the arbitration clause within the 2012 Deposit Agreement should not be enforced because the Parties novated that agreement through the 2017 Notice of Change. Defendant, on the other hand, argues that the Notice of Change did not novate the 2012 Deposit Agreement; it only modified it.

"Novation is generally defined as a mutual agreement among all parties concerned for discharge of a valid existing obligation by the substitution of a new binding obligation on the part of the debtor or another." *Martin v. Sallie Mae, Inc.*, No. 5:07-cv-00123, 2007 U.S. Dist. LEXIS 90418, at *40 (S.D. W. Va. Dec. 7, 2007) (quoting Syl. Pt. 2, *Perlick & Co. v. Lakeview Creditor's Trustee Comm'n*, 298 S.E.2d 228 (W. Va. 1982)) (internal quotation marks omitted). Under West

Virginia law, the following elements must be present to establish a novation: "(a) a previous valid obligation, (b) a consent by all parties to the new contract, (c) an abatement of the old contract and (d) a new contract which is valid and enforceable." *Id*. (internal quotation marks omitted).

Here, the language in the 2017 Notice of Change demonstrates that the Parties did not intend to abate the 2012 Deposit Agreement. The Notice states that City National "[is] currently updating our Terms and Conditions to address the Military Lending Act revision, and [] taking this opportunity to make several revisions at this time." Describing the new terms as "updates" and "revisions" highlights the limited nature of the contract. This language also presumes the continued applicability of prior terms and conditions such as the 2012 Deposit Agreement, and it is consistent with the clause which states that these prior agreements still apply: "This document, along with other documents we give you pertaining to your account(s), is a contract that establishes rule which control your account(s) with us." *Notice of Change*, ECF No. 7-2.

Perhaps even more significant is what the Notice of Change is missing. Given the supplemental nature of the Notice, City National did not include any terms that were to remain unchanged from the 2012 Deposit Agreement, including "Interest," "Fees and Charges," and "Balance Methods." *Id*. These terms are standard deposit agreements and were clearly intended to remain effective under the Notice of Change's own terms: "These changes do not include any fee increases or changes to fees that may be associated with your deposit account." *Id*. If the Court were to hold that the 2017 Notice of Change novated the 2012 Deposit Agreement, it would be required to ignore those terms.

Finally, interpreting the Notice of Change as a modification rather than novation is consistent with the 2012 Deposit Agreement, which expressly contemplates such modifications: "NOTICES. The following terms apply to notices relating to your Account. (A) Notice of

Amendments. You agree that the terms and conditions of the Agreement, including without limitation all rates, fees, and charges, may be amended by us from time to time. We will notify you of amendments as required by applicable law." *Id*.

For these reasons, the Court finds that Plaintiff has not demonstrated that the Parties intended to abate the 2012 Deposit Agreement through the 2017 Notice of Change. Accordingly, the Arbitration Provision applies to this dispute and must be enforced unless Plaintiff can establish that the Provision is otherwise invalid "upon such grounds as exist at law or in equity." 9 U.S.C. § 2.

2. **Is the Arbitration Provision Unconscionable?**

Plaintiff next argues that the Court should refuse to compel arbitration because the Arbitration Provision is unconscionable. In response, Defendant argues that the Arbitration Provision compels the Court to submit that question to the arbitrator. Under the current framework established by the FAA and Supreme Court, the Court agrees with Defendant and declines to consider Plaintiff's unconscionability claim.

The Supreme Court has issued several opinions addressing the "who decides arbitrability" question. These decisions are rooted in Section 2 the of the FAA, which provides that arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Thus, although arbitration clauses must be enforced, courts may decide challenges brought under "generally applicable contract defenses, such as fraud, duress, or unconscionability." *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 67 (2010) (quoting *Doctor's Associates, Inc. v. Casarotto*, 517 U.S. 681, 687 (1996)) (internal quotation marks omitted).

However, where, as here, the contract includes a clause delegating the arbitrability question

to arbitrators, the Supreme Court has held that most judicial review is precluded. *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 529 (2019). In *Schein*, the Court reiterated its long-standing rule that "parties may delegate threshold arbitrability questions to the arbitrator, so long as the parties' agreement does so by 'clear and unmistakable' evidence." *Id*. at 530 (quoting *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)) (internal quotations omitted). Still, even where there is a valid delegation clause, judicial review may be appropriate when a party challenges the validity of the delegation clause itself. *Gibbs v. Haynes Invs*., LLC, 967 F.3d 332, 337 (4th Cir. 2020) (quoting *Minnieland Priv. Day Sch., Inc. v. Applied Underwriters Captive Risk Assurance Co., Inc.*, 867 F.3d 449, 455 (4th Cir. 2017)); *see also Rent-A-Center*, 561 U.S. at 67.

Here, the Arbitration Provision clearly and unmistakably compels arbitration of gateway issues, including whether the Arbitration Provision is unconscionable. The contract reads, "Claims subject to this arbitration provision include Claims regarding the applicability of this provision or the validity of this or any prior agreement." The Fourth Circuit found similar language to be unmistakably clear in *Novic v. Credit One Bank, Nat'l Ass'n*, 757 F. App'x 263, 264 (4th Cir. 2019) ("Claims subject to arbitration include, but are not limited to, disputes relating to . . . the application, enforceability or interpretation of this Agreement, including this arbitration provision."). The Court further holds that Plaintiff's unconscionability claim is not reviewable because she did not challenge the delegation clause specifically. Rather, Plaintiff challenged the broader Arbitration Provision, a type of argument the Supreme Court rejected in *Rent-A-Center*.[1]

---

[1] Plaintiff challenges the Arbitration Provision as procedurally unconscionable due to its adhesive nature and the Parties' disparate bargaining power. Plaintiff also argues that the Provision is substantively unconscionable because there are two clauses which render City National's agreement to arbitrate illusory: (1) the unilateral modification clause, 2012 Terms and Conditions, p. 5 ("we [] reserve the right to change any other term of this Agreement at our sole discretion"),

Consequently, the Court must refrain from reviewing Plaintiff's claim and compel arbitration.

### 3. Grounds for Dismissing the Case

Defendant's motion asks the Court to dismiss or alternatively stay the case pending arbitration. The FAA mandates district courts to "stay the trial of the action until such arbitration has been had." 9 U.S.C. § 3. Notwithstanding this language, the Fourth Circuit has held that dismissal is appropriate where "all of the issues presented are arbitrable." *Greenville Hosp. Sys. v. Emp. Welfare Benefit Plan*, 628 F. App'x 842, 845-46 (4th Cir. 2015) (quoting *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709-10 (4th Cir. 2001)) (internal quotation marks omitted). Here, Plaintiff has not identified any claims which fall outside the Arbitration Provision's broad scope. Therefore, the Court concludes that dismissal pending arbitration is appropriate.

## IV. CONCLUSION

The Court **GRANTS** Defendant's motion (ECF No. 7). The case shall be **DISMISSED** without prejudice, pending arbitration.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: April 21, 2021

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

---

and the clause which permits City National to unilaterally draw funds from her account whenever it deems it necessary to consult an attorney regarding her account. *See Pl.'s Resp.* 9-12, ECF No. 38.